

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-9-2005

# Voicenet Comm Inc v. Atty Gen PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2911

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Voicenet Comm Inc v. Atty Gen PA" (2005). *2005 Decisions.* Paper 1460.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1460

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No. 04-2911; Case No. 04-3339

VOICENET COMMUNICATIONS, INC., ON BEHALF OF ITSELF
AND ITS SUBSCRIBERS;  OMNI TELECOM, INC., ON BEHALF OF ITSELF
AND ITS SUBSCRIBERS,


v.


GERALD J. PAPPERT, ATTORNEY GENERAL OF THE COMMONWEALTH OF
PENNSYLVANIA, IN HIS OFFICIAL CAPACITY; MICHELE L. DEERY, SPECIAL
AGENT OF THE OFFICE OF ATTORNEY GENERAL OF THE COMMONWEALTH
OF PENNSYLVANIA, IN HER INDIVIDUAL CAPACITY; G. MICHAEL GREEN,
DISTRICT ATTORNEY OF DELAWARE COUNTY, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES; DIANE E. GIBBONS, DISTRICT ATTORNEY OF BUCKS
COUNTY, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES;  MARTIN
MCDONOUGH, DETECTIVE, BUCKS COUNTY DISTRICT ATTORNEY'S OFFICE,
IN HIS INDIVIDUAL AND OFFICIAL CAPACTIES; THOMAS THIEL, DETECTIVE,
BUCKS COUNTY DISTRICT ATTORNEY'S OFFICE, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES

Voicenet Communications, Inc.
Omni Telecom., Inc.,
Appellants

_____

On appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court Civ. No. 04-1318
District Judge: Hon. Mary A. McLaughlin

_____

Argued January 19, 2005

_____

Before: ALITO, McKEE, and SMITH, *Circuit Judges*

(Filed: March 9, 2005 )

_____

Counsel:    Richard A. Sprague
Mark B. Sheppard (Argued)
Sprague & Sprague
Suite 400, The Wellington
135 South 19th Street
Philadelphia, Pennsylvania 19103
*Attorney for Appellants, Voicenet Communications, Inc., and Omni Telecom, Inc.*

Claudia M. Tesoro
Sue Ann Unger (Argued)
Calvin R. Koons
Office of Attorney General of Pennsylvania
21 South 12th Street, 3d Floor
Philadelphia, Pennsylvania 19107
*Attorney for Appellees*, *Attorney General of Pennsylvania, Gerald J. Pappert; Special Agent of the Office of Attorney General of Pennsylvania, Michele L. Deery*

Andrew B. Adair (Argued)
Holstein & Associates
One South Olive Street
Media, Pennsylvania 19063
*Attorney for Appellee, District Attorney of Delaware County, Pennsylvania, G. Michael Green*

Frank A. Chernak (Argued)
Ballard Spahr Andrews & Ingersoll
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
*Attorney for Appellee, District Attorney of Bucks County, Pennsylvania, Diane E. Gibbons; Detective, Bucks County, Pennsylvania, Martin McDonough; Detective, Bucks County, Pennsylvania, Thomas Thiel*

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

In this appeal, we consider whether the United States District Court for the Eastern District of Pennsylvania abused its discretion in denying preliminary injunctive relief to two affiliated technology companies providing access to articles and images on a section of the Internet. In light of the parties' statements at oral argument and written submissions, we will affirm the judgment of the District Court.

## I.

The District Court had jurisdiction under 28 U.S.C. § 1331. This Court has jurisdiction over this appeal under 28 U.S.C. § 1292(a)(1), which provides jurisdiction over interlocutory orders of federal district courts denying injunctions. We review a district court's denial of a preliminary injunction for abuse of discretion. *Hohe v. Casey*, 868 F.2d 69, 70 (3d Cir. 1989); *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175 (3d Cir. 1990).

## II.

Voicenet Communications, Inc. and Omni Telecom, Inc. (Voicenet/OTI) provide access to articles and images posted on the Internet bulletin board system called "Usenet." The software Voicenet/OTI use to provide that access is called "Quikvue." In late 2003, upon receiving a complaint that Quikvue was being used to access child pornography, and

successfully using the software to that effect, Commonwealth and county officials secured and executed a search warrant for Voicenet/OTI's facilities. The officials seized numerous pieces of computer hardware that later allegedly were found to contain child pornography.

In March 2004, Voicenet/OTI filed a complaint in the Eastern District of Pennsylvania alleging violations of 42 U.S.C. §§ 1983 and 1985, and seeking an injunction requiring the return of its equipment. Officials returned much of the hardware. Voicenet/OTI persisted in their request for preliminary injunctive relief, however, seeking return of the rest of their equipment – namely servers, called "arrays," used to operate Quikvue – and an order that Voicenet/OTI be afforded notice and an opportunity to be heard before future seizures. Without such relief, Voicenet/OTI argued, their First Amendment rights were chilled along with those of their subscribers and other Internet Service Providers (ISPs). This, they claimed, constituted irreparable harm meriting an injunction under *Dombrowski v. Pfister*, 380 U.S. 479 (1965).

On June 18, 2004, Voicenet/OTI sought judgment against themselves under Federal Rule of Civil Procedure 58, a move which would then allow them to file an appeal. On June 21, the District Court wrote to counsel "explaining that the Court was planning to issue a decision by July 2 on [Voicenet/OTI's] motion for a preliminary injunction." On July 6, Voicenet/OTI filed a notice of appeal (No. 04-2911) alleging that the District Court's failure to rule on their motion for a preliminary injunction constituted

4

denial of that motion. On July 15, without an evidentiary hearing, the District Court denied Voicenet/OTI's motion for a preliminary injunction in a memorandum and issued an order the next day. Voicenet/OTI appealed that denial on August 12 (No. 04-3339). This Court consolidated Voicenet/OTI's appeals on August 18, 2004.

In its July 16 memorandum, the District Court held that Voicenet/OTI failed to show irreparable harm and denied preliminary relief without a hearing. Voicenet/OTI appeal the denial of relief and the District Court's refusal to hold a hearing.

### C. District Court Decision

#### 1. Order for Immediate Return or Replacement of Arrays

The District Court declined to order immediate return or replacement of the arrays because Voicenet/OTI showed no risk of irreparable harm caused by deprivation of the arrays. The Court noted that Voicenet/OTI admitted that they could replace the arrays for $20,000.

#### 2. Prohibition Against Appellees' Accessing Subscriber Information

The District Court noted that the government officials "agreed not to access the subscriber information without providing notice to the plaintiffs so that the plaintiffs can seek an injunction against such access." Consequently, the Court ruled, Voicenet/OTI showed no irreparable harm to the subscribers they claimed to represent.

#### 3. Injunction Requiring That Voicenet/OTI Must Be Afforded Notice and an Opportunity To Be Heard Before Future Seizures

According to the District Court, under the rubric of *Dombrowski,* 380 U.S. at 487,

5

Voicenet/OTI "contend that their First Amendment rights are chilled by several factors, including the possibility of criminal prosecution and the uncertainty of whether they are protected" by state and federal statutes. The Court ruled that, in the Third Circuit, "the assertion of First Amendment rights does not automatically require a finding of irreparable injury." The Court explained that, instead, irreparable injury in the present context is the "purposeful unconstitutional [government] suppression of speech" and "direct penalization, as opposed to incidental inhibition, of First Amendment rights." Any harm in this case is speculative, the Court reasoned, because the unreplaceable Quikvue equipment has been returned, and there is no "definite or continued threat of either prosecution or future seizures of equipment."

**III.**

The District Court did not abuse its discretion in denying Voicenet/OTI preliminary injunctive relief because Voicenet/OTI did not make a "clear showing of immediate, irreparable injury." *See Hohe*, 868 F.2d at 72 (quoting *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). Moreover, none of Voicenet/OTI's allegations of injury involved disputed questions of fact, and thus a hearing was not required.

**A. Order for Immediate Return or Replacement of Arrays**

1. Preliminary relief

Voicenet/OTI make no clear showing of immediate irreparable injury as a result of the officers' failure to return the arrays. By their own admission, Voicenet/OTI can

6

replace the arrays and restart Quikvue for $20,000. As "irreparable injury is suffered where monetary damages are difficult to ascertain or are inadequate," *Hohe*, 868 F.2d at 73, preliminary equitable relief is unnecessary. Moreover, Voicenet/OTI do not show a chill on free expression caused by "direct penalization, as opposed to incidental inhibition, of First Amendment rights . . . ." *Id*. at 72-73. The officals' refusal to return the arrays does not render Quikvue inoperative; that deprivation may be remedied with money damages. As such, Voicenet/OTI's First Amendment rights may be incidentally inhibited, but they are not at risk of irreparable injury.

### 2. Hearing

Voicenet/OTI claims facts are in dispute, but its own letter estimating that the arrays could be replaced for $20,000 belies this assertion. The District Court permissibly declined to hold a hearing because Voicenet/OTI did "not present[] a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley*, 910 F.2d at 1176.

## B. Prohibition Against Appellees' Accessing Subscriber Records

### 1. Preliminary Relief

Voicenet/OTI argue that their subscribers' First Amendment rights are chilled by the government's promise not to view subscriber records, which reside on the seized arrays. Voicenet/OTI contend that the records should be returned under *ACLU v. Reno*, 929 F. Supp. 824 (E.D. Pa. 1996), *aff'd*, 521 U.S. 844 (1997), the special, three-judge

court opinion enjoining enforcement of certain provisions of the Communications Decency Act (CDA). In *Reno*, the panel granted the preliminary injunction because plaintiffs were likely to prevail on the merits of their argument challenging the constitutionality of portions of the CDA. The panel declined to assume that the government would enforce the CDA "in a reasonable fashion that would avoid prosecution for placing on the Internet works of serious literary or artistic merit." *Id*. at 857. The panel explained that "the First Amendment should not be interpreted to require us to entrust the protection it affords to the judgment of prosecutors." *Id*.

This case does not resemble *Reno*. Here, the officers' assurances are absolute; they promise not to access subscriber records without notifying Voicenet/OTI, which may then seek an injunction. Unlike *Reno*, no prosecutorial discretion remains. The District Court thus did not abuse its discretion in accepting the officers' assurance that they would not misuse evidence seized under a valid warrant.[1]

### 2. Hearing

The District Court permissibly declined to hold a hearing on the subscriber records issue because Voicenet/OTI did "not present[] a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley*, 910 F.2d at 1176.

---

[1]Voicenet/OTI claim that the federal Electronic Communications Privacy Act, 18 U.S.C. § 2703, *et seq*., "prohibits the Commonwealth from reviewing any private subscriber information." However, "[t]here is no violation of § 2703(a), (b), or (c) if access is pursuant to a warrant, and the officials in this case had a valid warrant." *Guest v. Leis*, 255 F.3d 325, 339 (6th Cir. 2001).

8

**C. Injunction Requiring That Voicenet/OTI Be Afforded Notice and an Opportunity to Be Heard Before Future Seizures**

1. <u>Preliminary Relief</u>

The District Court concluded that there was no "definite or continued threat of either prosecution or future seizures of equipment," and therefore federal intervention was unmerited. We agree with the District Court that "the assertion of First Amendment rights does not automatically require a finding of irreparable injury," and that Voicenet/OTI made no clear showing of immediate or irreparable injury because "[t]here has been no definite or continued threat of either prosecution or future seizures."

Cases requiring an injunction typically involve repetitive, bad faith seizures or express threats of such seizures. In *Dombrowski v. Pfister*, for example,

> the plaintiffs offered to prove that the prosecutorial authorities threatened to enforce statutes against the plaintiffs without any expectation of securing valid convictions, that despite a summary vacation of search and arrest warrants by a state judge for lack of probable cause the prosecutorial authorities were continuing to threaten new indictments and prosecutions based on the evidence ordered suppressed by the state judge, and that the prosecutorial authorities were engaging in a plan of arrests, seizures, and threats of prosecution for the sole purpose of harassing plaintiffs in order to discourage them from attempting to vindicate the constitutional rights of black citizens.

*Lewis v. Kugler*, 446 F.2d 1343, 1349 (3d Cir. 1971) (describing *Dombrowski*). Similarly, in *Krahm v. Graham*, state authorities filed over 100 criminal charges for the sale of allegedly obscene books and magazines; 11 cases went to trial; and none resulted in convictions. 461 F.2d 703, 705 (9th Cir. 1972). "[A]fter 6 findings of Not Guilty in a 2-week period, 14 new prosecutions were instituted." *Id*. Thereafter, authorities

launched an anti-pornography campaign "spearheaded by the mayor," who was a candidate for re-election several months later. *Id*. at 705-06. The Ninth Circuit held that the plaintiffs' First Amendment rights were violated by bad faith prosecutions, and upheld the District Court's injunction enjoining pending prosecutions.

Unlike the officials in *Dombrowski* and *Krahm*, it does not appear that the officials in this appeal are invoking the criminal process "with no hope of ultimate success," and merely "to discourage [Voicenet/OTI's] civil rights activities." Officials have returned Voicenet/OTI's equipment, no charges have been filed, and no express threats of prosecution have been made. As a result, the District Court did not commit an obvious error in applying the law in declining to order an adversarial hearing before future seizures. Therefore, we uphold the District Court's denial of the injunction.

### 2. Hearing

"[A] decision [to deny a preliminary injunction] may be based on affidavits and other documentary evidence if the facts are undisputed and the relevant factual issues are resolved." *Bradley*, 910 F.2d at 1176. Here, the relevant facts were undisputed; the question for the District Court was whether a threat of immediate, irreparable constitutional harm called for a preliminary injunction. A hearing was not required.

### VI. Conclusion

For the foregoing reasons, the judgment of the District Court denying a preliminary injunction will be upheld. There was no abuse of discretion, and a hearing

10

was not required.